Ardinez Domgjoni, Esq. (246312017)
WONG, WONG & ASSOCIATES, P.C.
*Attorneys for Plaintiffs*
150 Broadway, Suite 1588
New York, New York 10038
Tel.:    (212) 566-8080
Fax.:   (212) 566-8960
EMAIL: adomgjoni@wongwonglaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YU-CHIN CHANG, MEI-LING CHIANG, WEI-CHIN CHANG, <br><br> Plaintiffs, <br><br> v. <br><br> UPRIGHT FINANCIAL CORP., YOW SHANG "DAVID" CHIUEH, <br><br> Defendants. | Civil Action No._____ <br><br> **VERIFIED COMPLAINT** <br><br> JURY TRIAL WAIVED |

Plaintiffs Yu-Chin Chang, Mei-ling Chiang and Wei-Chin Chang (hereinafter referred as to the "Plaintiffs"), by and through their undersigned counsel, Wong, Wong &Associates, P.C., allege the following as their Verified Complaint against Defendants UPRIGHT[1] FINANCIAL CORP[2]., and YOW SHANG "DAVID" CHIUEH (hereinafter referred as the "Defendants"):

## NATURE OF THE ACTION

1. This is a civil action for fraud and breach of fiduciary duty. Plaintiffs seek monetary relief, including, interest, costs, and reasonable attorneys' fee.

## THE PARTIES

2. Plaintiff Mei-ling Chiang is an individual who is a resident of Taipei, Taiwan.

---

[1] CRD # 107303.
[2] SEC # 801-38340.

3. Plaintiff Yu-Chin Chang is an individual who is a resident of Taipei, Taiwan.

4. Plaintiff Wei-Chin Chang is an individual who is a resident of Taipei, Taiwan.

5. Upon information and belief, Defendant UPRIGHT FINANCIAL CORP. ("Upright") is a corporation doing business in New Jersey, with a principal place of business at 349 Ridgedale Avenue, East Hanover, NJ 07936. Upon information and belief, Upright is registered as an investment adviser with the Securities and Exchange Commission ("SEC") and is the fund manager and administrator for the Upright Capital USA LLC fund (the "Master Fund").

6. Upon information and belief, Defendant YOW SHANG "DAVID" CHIUEH ("Mr. Chiueh") is an individual who is a U.S. citizen and resides in New Jersey. Upon information and belief, Mr. Chiueh is the principal of Upright Financial Corp., who manages the Master Fund's securities portfolio and operations on behalf of the fund manager.

## JURISDICTION

7. The jurisdiction of this Court lies under 28 U.S.C. § 1332, diversity of citizenship, because this controversy is between citizens of a State and citizens or subjects of a foreign state. The amount in controversy exceeds $75,000.00, exclusive of costs and interest.

## VENUE

8. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391 (b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the District of New Jersey.

## STATEMENT OF FACTS

9. Plaintiff Mei-ling Chiang is the mother of Plaintiffs Yu-Chin Chang and Wei-Chin Chang. Mrs. Chiang's daughters were university students in the United States and Mrs. Chiang wired them $2 million to invest with Defendant Yow Shang "David" Chiueh ("Mr. Chiueh").

10. Mr. Chiueh gained Plaintiffs' attention and trust as a successful investment adviser in Taiwan given his publications and prominence in Taiwanese media.

11. In or around November 2017, Plaintiffs met with Mr. Chiueh in his New Jersey office following certain communications via social media and e-mail.

12. Mr. Chiueh solicited Plaintiffs' investment in the Upright Capital USA LLC Master Fund by telling them about his mutual fund's and private fund's investment results and telling Plaintiffs that the funds he manages make as high as 50%-60% returns on investment but failed to disclose the risks.

13. The Upright Capital USA LLC Private Placement Memorandum ("PPM") states that Mr. Chiueh has been the Fund Manager of Upright Growth Fund[3], a mutual fund registered with the SEC. The PPM cites a New York Times interview with Mr. Chiueh, which gave recognition to Upright Growth Fund as the top performing large-cap growth fund to date.

14. Mr. Chiueh induced Plaintiffs' investment in the Master Fund by representing that it would invest "in fast growing companies around the world . . . and in opportunities created by disruption in the world economy." (PPM, p. 3).

15. On December 29, 2017, in reliance upon these representations and following the instructions of Mr. Chiueh, Plaintiffs Yu-Chin Chang and Wei-Chin Chang wired $2 million to a Firstrade account (Account Name: Upright Capital USA LLC; Account #: 68105027).

16. Mr. Chiueh did not make any fund disclosures to the Plaintiffs from their initial investment until July 2018.

---

[3] Upright Growth Fund Ticker: UPUPX – A 1940 Act mutual fund primarily invests in common stock, preferred stocks, and convertible securities of publicly-traded United States domiciled companies. It can invest up to 25% in foreign markets.

17. Mr. Chiueh imprudently concentrated Plaintiffs' accounts in HIMAX Technologies Inc[4]. As of December 2017, around 70% of their portfolio was concentrated in HIMX stock based on Mr. Chiueh's statement and Firstrade monthly statement. In July 2018, Mr. Chiueh claimed that Plaintiffs' Master Fund had suffered a severe loss due to the failed put option of HIMX at around $12.5 per share (approximately $1,070,000 in total) in December 2017. (In addition, Plaintiffs' mutual fund, Upright Growth Fund, included 50% of HIMX in January 2018). However, in May 2018, according to Firstrade monthly statement, Mr. Chiueh transferred approximately $1 million to Plaintiffs' Firstrade account (#: 68105027). Apparently, Mr. Chiueh's statement did not match Firstrade monthly statement.

18. Plaintiffs instructed Mr. Chiueh to sell their HIMX stock to avoid continuous losses, but Mr. Chiueh refused to listen to the Plaintiffs.

19. As of January 2018, Plaintiffs' portfolio included three mutual funds, such as Upright Assets Allocation Plus Fund ("UPAAX"), Upright Growth & Income Fund ("UPDDX") and Upright Growth Fund ("UPUPX"). However, Mr. Chiueh failed to mention to Plaintiffs what was included in their holdings in an attempt to pocket hundreds of thousands of dollars from their portfolio.

20. In or around February 2018, Mr. Chiueh claimed that he would like to employ margin to purchase Direxion Daily Energy shares ("ERX"), a strategy that was wholly unsuitable for Plaintiffs. Thus, Plaintiffs asked Mr. Chiueh to sell off their investments in their portfolio, but Mr. Chiueh refused to do so. Doing so placed Mr. Chiueh's own financial interests ahead of Plaintiffs'.

21. As of March 2018, Plaintiffs' account value was approximately $1,046,000. By December 2018, it had dropped to $497,000 and as of March 2019, Plaintiffs' account value was $553,000.

---

[4] NASDAQ: Ticker: HIMX.

Furthermore, according to Mr. Chiueh's quarterly report sent in August 2019, Plaintiffs' account value was approximately $460,000 by June 2019.

22. After one year and six months from their initial investment, Plaintiffs lost nearly $1,540,000. These substantial losses cannot be attributed merely to changes in market conditions. Such a steep decline in the value of an investment, at a time when the market was thriving, is evidence of wrongdoing on Mr. Chiueh's part, who mismanaged the Master Fund's investments.

23. In or around April 2019, the Master Fund filed for a 3C.1 exemption. The Master Fund lacked a 3(c)(1) exemption from Plaintiffs' initial investment in December 2017 until March 2019.

24. In addition to recommending imprudent investments, Mr. Chiueh deceived Plaintiffs by insinuating that the Master Fund had the endorsement of the SEC. Plaintiffs did not know, nor was it ever explained to them, that private funds, such as the Master Fund, with assets under management in the United States of less than $150 million are exempt from SEC registration.

25. Unlike bonds and stocks which trade on an open market and generally carry ratings from the major rating agencies, private placements like the ones marketed by Mr. Chiueh are not openly traded, illiquid, and carry no ratings from Standard and Poor's or Moody's, making it very difficult to assess the strengths and weaknesses of the private security. Unsophisticated investors like the Plaintiffs who have limited investment experience are forced to rely on the affirmations of the investment adviser concerning the private security. Mr. Chiueh took advantage of Plaintiffs' vulnerability and recommended unsuitable investments to them.

26. Plaintiffs requested redemption five times respectively in February, July, October, December 2018 and January 2019. However, Mr. Chiueh refused Plaintiffs' requests to redeem the fund by setting additional conditions.[5]

---

[5] Condition: HIMX has to return to $10 per share in order to redeem the fund. HIMX current stock price is around $2.20 per share.

## CAUSE OF ACTION

### FIRST CAUSE OF ACTION
### (FRAUD)

27. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

28. Defendants made material misrepresentations to Plaintiffs and omitted material facts that they were obligated to disclose to Plaintiffs, including misrepresenting that investments in Defendants' Master Fund was a suitable investment.

29. Defendants knew these misrepresentations were false at the time they made them, and Defendants knew that they were omitting and concealing from Plaintiffs material facts that they were obligated to disclose. Specifically, Defendants knew that Defendants, not Plaintiffs, benefited from the investment in Plaintiffs' Master Fund and Defendants placed their own best interests above their clients.

30. Defendants intended to defraud Plaintiffs.

31. Plaintiffs relied on Defendants' misrepresentations and omissions.

32. Plaintiffs' reliance on Defendants' misrepresentations and omissions was justified.

33. As a direct and proximate result of Defendants' misrepresentations and omissions, Plaintiffs suffered $1,540,000 in damages. Plaintiffs also are entitled to an award of punitive damages for Defendants' intentionally fraudulent and deceitful conduct.

34. Wherefore, Plaintiffs are entitled to recover from Defendants compensatory and consequential damage in the amount of at least $1,540,000, plus punitive damages, costs, fees and interest, and to other such further relief as the Court deems just and proper.

### SECOND CAUSE OF ACTION
### (BREACH OF FIDUCIARY DUTY)

35. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

36. Defendants breached their fiduciary standard of care when they placed the needs of the firm ahead of the needs of the Plaintiffs.

37. Defendants failed to place the best interests of the Plaintiffs above their own interests by engaging in a course of conduct that benefited themselves to the detriment of Plaintiffs.

38. An investment fiduciary is someone who is managing the assets of another person and stands in a special relationship of trust, confidence, and /or legal responsibility. [6]

39. Plaintiffs placed their full trust and confidence in Defendants to respect and protect their stated wishes and to advise suitable investments. Defendants knew Plaintiffs were not sophisticated in investment matters. Defendants abused their fiduciary relationship and engaged in conflicts of interests and used their superior knowledge to the detriment of Plaintiffs despite their fiduciary duties to place Plaintiffs' interests above Defendants' own interests.

40. Defendants breached their fiduciary duty by, among other things, placing Plaintiffs in an unsuitable fund and failing to disclose the high risks of the concentrated positions of the underlying portfolio.

41. As a direct and proximate result of Defendants' breaches of fiduciary duty, Plaintiffs suffered $1,540,000 in damages.

42. Wherefore, Plaintiffs are entitled to recover from Defendants compensatory and consequential damage in the amount of at least $1,540,000, plus punitive damages, costs, fees and a reasonable statutory interest, and to other such further relief as the Court deems just and proper.

**WHEREFORE**, Plaintiffs plead for:

(1) On the First Cause of Action, a judgment against Defendants, damage in the amount of at least $1,540,000, plus punitive damages, costs, fees and interest, and to other such further relief as the Court deems just and proper;

---

[6] *Definition authored by fi360® and informed by the Department of Labor.

(2) On the Second Cause of Action, a judgment against Defendants, damage in the amount of at least $1,540,000, plus punitive damages, costs, fees and interest, and to other such further relief as the Court deems just and proper.

Dated: September 26, 2019
New York, New York

Ardinez Domgjoni, Esq.
Wong, Wong & Associates, P.C.
*Attorneys for Plaintiffs*
150 Broadway, Suite 1588
New York, N.Y. 10038
Tel.:   (212) 566-8080
Fax.:  (212) 566-8960

## VERIFICATION

~~STATE OF~~ )  Taiwan
           ) ss.:  City of Taipei
~~COUNTY OF~~ )  American Institute in } ss
                  Taiwan, Taipei Office

I, Mei-ling Chiang, being duly sworn, states that ~~she is~~ I am M-L-C the Plaintiff, in this action and that the foregoing Verified Complaint is true to ~~her~~ my M-L-C own knowledge, except as to matters therein stated to be alleged upon information and belief and as to those matters ~~she~~ I M-L-C believes them to be true.

M-L-C

_____
Mei-ling Chiang
*Plaintiff*

Sworn before me this
_____ day of 2 4 SEP. 2019, 2019 by Mei-Ling chiang.

_____
NOTARY PUBLIC

Lawrence N. Coig IV
Special Notary (PL96-8)
Duly appointed and qualified
My commission expires: August 27, 2022

9