**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| YU-CHIN CHANG, MEI-LING CHANG, WEI-CHIN CHANG,<br><br>Plaintiffs,<br><br>v.<br><br>UPRIGHT FINANCIAL CORP., YOW SHANG "DAVID" CHIUEH<br><br>Defendant. | No. 19-cv-18414 (KM/JBC)<br><br>MEMORANDUM OPINION<br><br>and<br><br>ORDER |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on the motion (DE 6) of the defendants, Upright Financial Corp. ("Upright") and Yow Shang "David" Chiueh ("Chieuh") to dismiss the complaint. Although the motion fails to say so, it must be deemed a motion to dismiss for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). Defendants argue that the complaint fails to satisfy the specificity standards of Rule 9(b), and that it impermissibly engages in "group pleading" against the two defendants, thus failing to satisfy Rule 8(a).

**I.   The Complaint**

The complaint asserts two state-law causes of action: one claim of fraud (Count 1), and one of breach of fiduciary duty (Count 2). Jurisdiction is alleged on the basis of diversity of citizenship. *See* 28 U.S.C. § 1332(a). The allegations of the complaint, which must be accepted as true for purposes of this motion, are as follows.

The three plaintiffs, residents of Taiwan, are a mother and her two daughters, who are attending college in the United States. The defendant, Mr. Chieuh, is an investment adviser, and is the principal of defendant Upright. Upright is the manager and administrator of Upright Capital USA LLC fund (the "Master Fund"). (Cplt. ¶¶ 2–6)

The mother wired the daughters $2 million for investment with defendant Chiueh. The plaintiffs met with Chiueh in November 2017. He solicited their investment in the Master Fund, citing returns as high as 50–60% but failing to disclose the risks. The private placement memorandum for the Master Fund states that Mr. Chieuh is the fund manager of Upright Growth Fund, a top-performing large-cap growth fund. He represented to plaintiffs that their investment would be placed in fast growing companies around the world and take advantage of disruption in the world economy. (Cplt. ¶¶ 9–14)

On December 29, 2017, the daughters wired $2 million to a Firstrade account # xxxx5027 (account name Upright Capital USA LLC) (Cplt. ¶ 15) Chieuh imprudently concentrated 70% of the plaintiffs' portfolio in HIMAX Technologies Inc. (Nasdaq ticker HIMX). Plaintiffs' mutual fund was 50% concentrated in HIMX as of January 2018. In July 2018, Chieuh announced that put options in HIMX had resulted in losses of $1.07 million. He transferred approximately $1 million to the Firstrade xxxx5027 account. (Cplt. ¶¶ 16–17) Plaintiffs instructed Chieuh to sell their HIMX stock to stop their losses, but he failed to do so. (Cplt. ¶ 18)

As of January 2018, plaintiffs' portfolio included three mutual funds, Upright Assets Allocation Plus Fund (UPAAX), Upright Growth & Income Fund (UPPDX), and Upright Growth Fund (UPUPX). Mr. Chieuh failed to keep the plaintiffs apprised of their holdings. (Cplt. ¶ 19) In February 2018, Chieuh proposed to purchase, on margin, shares of Direxion Daily Energy (ERX), a strategy wholly unsuitable for plaintiffs. He refused to sell off plaintiffs' investments, placing his own interests ahead of theirs. (Compl. ¶ 20)

In March 2018, plaintiffs' account value was $1,046,000; in December 2018, $497,000; in March 2019, $553,000; in August 2019, $460,000. (Cplt. ¶ 21) The losses at that point totaled $1,540,000 on a $2 million investment. The losses, at a time the market was thriving, were not attributable to market conditions, but to Mr. Chieuh's mismanagement. (Cplt. ¶ 22)

Mr. Chieuh insinuated that the Master Fund had the endorsement of the SEC. It was not until April 2019 that the Master Fund applied for a 3(c)(1)

exemption from SEC regulation. (Cplt. ¶ 24) These were unrated, illiquid private placement investments. Plaintiffs, unsophisticated investors, were relying on Chieuh's representations. (Cplt. ¶ 25)

Plaintiffs requested redemption on five occasions, in February, July, October, and December 2018, and January 2019. Chieuh refused, setting the additional precondition that HIMX's share price reach $10 per share (it is currently $2.20). (Cplt. ¶ 26)

## II. Applicable Standards

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n. 9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Constr. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; see also *West Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

To the extent that a plaintiff's allegations sound in fraud, they are subject to heightened pleading requirements. A plaintiff "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.*

Under Rule 9(b), a plaintiff alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the "precise misconduct with which [it is] charged." *Lum v. Bank of America*, 361 F.3d 217, 223-24 (3d Cir. 2004); *see U.S. ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 307 (3d Cir. 2016) ("A plaintiff alleging fraud must therefore support its allegations 'with all of the essential factual background that would accompany the first paragraph of any newspaper story—that is, the who, what, when, where and how of the events at issue.'" (quoting *In re Rockefeller Ctr. Props., Inc. Securities Litig.*, 311 F.3d 198, 217 (3d Cir. 2002))). Where a plaintiff is unable to recite "every material detail of the fraud such as date, location and time, plaintiffs must use 'alternative means of injecting precision and some measure of substantiation into their allegations of fraud.'" *In re Rockefeller Ctr. Props. Secs. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002) (quoting *In re Nice Sys.*, 135 F. Supp. 2d 551, 557 (D.N.J. 2001)).

### III. Discussion

#### A. Group pleading

Defendants first object that the complaint fails to comply with Rule 8(a) because it pleads its causes of action against Chieuh and Upright, without specifying their individual roles. This, they say, violates the rule against "group pleading."

It is true, of course, that a complaint may not indiscriminately attribute wrongdoing to a group of defendants, leaving them to guess as to who allegedly did what:

> This type of pleading fails to satisfy Rule 8 "because it does not place Defendants on notice of the claims against each of them." *Sheeran v. Blyth Shipholding S.A.*, 2015 WL 9048979, at *3, 2015 U.S. Dist. LEXIS 168019, at *8 (D.N.J. Dec. 16, 2015) (citing *Ingris v. Borough of Caldwell*, 2015 WL 3613499, at *5 (D.N.J. June 9, 2015) ("[T]o the extent Plaintiff seeks to lump several defendants together without setting forth what each particular defendant is alleged to have done, he has *387 engaged in impermissibly vague group pleading."); *Shaw v. Hous. Auth. of Camden*, 2012 WL 3283402, at *2 (D.N.J. Aug. 10, 2012) (dismissing complaint because it failed to contain allegations showing how each defendant was liable and noting that "[e]ven under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants.")). "Alleging that 'Defendants' undertook certain illegal acts — without more — injects an inherently speculative nature into the pleadings, forcing both the Defendants and the Court to guess who did what to whom when. Such speculation is anathema to contemporary pleading standards." *Japhet v. Francis E. Parker Mem'l Home, Inc.*, 2014 WL 3809173, at *2, 2014 U.S. Dist. LEXIS 105134, at *7 (D.N.J. July 31, 2014).

*Mills v. Ethicon, Inc.*, 406 F. Supp. 3d 363, 386–87 (D.N.J. 2019). *Mills*, for example, was a products liability case in which it was impossible to tell from the complaint which defendant was the manufacturer, and which the distributor.

This complaint does not share that flaw. These are not two defendants who performed different acts, and are left in the dark about who did which. A corporate entity, such as Upright, can act and be held liable only by virtue of the actions of human agents. The human being alleged to have made the misrepresentations or committed the acts of fiduciary breach is Mr. Chieuh, who is alleged to be the principal of Upright. It is easily inferable from these facts that he allegedly acted as the agent of Upright—or even that his actions were accomplished through Upright. The precise relation between the two defendants is not a fact in control of the plaintiffs, but can easily be explored in discovery.

The motion to dismiss on grounds of "group pleading" is denied.

### B. Lack of specificity under Rule 9(b)

Defendants next argue that the "who, what, when, where, and how" are missing from this complaint, which therefore fails to achieve the level of specificity required of a fraud complaint under Rule 9(b). Again, I disagree.

The complaint identifies the perpetrator: defendant Chieuh, acting as principal of defendant Upright. It identifies the victims: the three plaintiffs. It states what they were defrauded of: approximately $1,540,000 of their initial $2 million investment, which they made on December 29, 2017.

The fraudulent representations or breaches of fiduciary duty allegedly consisted of Mr. Chieuh's failure to disclose risks at their initial meeting in November 2017; his placing of the plaintiffs' money in unsuitable, undiversified investments, particularly HIMX; his failure to keep the plaintiffs apprised of their investments on an ongoing basis; his five-time refusal, in February, July, October, and December 2018, and January 2019, to permit redemptions.

The defendants do not really dispute that such allegations, if proven, would make out a cause of action. They simply argue that the allegations are not factually clear enough. These allegations of course are just that—allegations—and they have not been proven. I find, however, that the reader of this complaint can discern, with the clarity required by Rule 9(b), *what* has been alleged. Discovery can do the rest, and permit these allegations to be tested by evidence.

The motion to dismiss on Rule 9(b) grounds is therefore denied.

### ORDER

IT IS THEREFORE, this 27th day of January, 2020,

ORDERED that the defendants' motion (DE 6) to dismiss the Complaint is DENIED.

HON. KEVIN MCNULTY, U.S.D.J.