**PHILIP L. GUARINO, ESQ**
**(ATTY NO. 027561982)**
GUARINO & CO. LAW FIRM, LLC
300 Main Street, Suite 552
Madison, NJ 07940
973/272-4147
e-mail: guarinolaw@gmail.com
Counsel for Defendants

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YU-CHIN CHANG, MEI-LING, CHIANG, WEI-CHIN CHANG, | : : : |
| Plaintiffs, | : Civil Action No. 19-cv-18414 : : |
| v. | : : |
| UPRIGHT FINANCIAL CORP. YOW SHANG "DAVID" CHIUEH, | : **ANSWER AND DEMAND** : **FOR TRIAL BY JURY** : |
| Defendants. | : : : |

Defendants, through the undersigned attorney, by way of Answer to the complaint states

### NATURE OF THE ACTION

1. Neither admit nor deny as no facts are alleged.

### THE PARTIES

2. Lack information and knowledge sufficient upon which to form a belief as to the truth of this allegation, and leave plaintiffs to their proofs.

3. Lack information and knowledge sufficient upon which to form a belief as to the truth of this allegation, and leave plaintiffs to their proofs.

4. Lack information and knowledge sufficient upon which to form a belief as to the truth of this allegation, and leave plaintiffs to their proofs.

5. Admit.

6. Admit.

## JURISDICTION

**7.** Lack information and knowledge sufficient upon which to form a belief as to the truth of this allegation, and leave plaintiffs to their proofs.

## VENUE

8. Admit.

## STATEMENT OF FACTS

9. Admit that $2 million was wired, but lack information and knowledge sufficient upon which to form a belief as to the truth of the remaining allegations, and leave plaintiffs to their proofs.

10. Lack information and knowledge sufficient upon which to form a belief as to the truth as to how plaintiff's attention was gained.

11. Admit.

12. Deny.

13. State that the Private Placement Memorandum speaks for itself; to the extent any allegations are contradicted by the Private Placement Memorandum, deny.

14. Deny that M. Chieuh induced any investment, and state that the Private Placement Memorandum speaks for itself; to the extent any allegations are contradicted by the Private Placement Memorandum, deny.

15. Admit that $2 million was wired, but deny all remaining allegations.

16. Deny.

17. Deny.

18. Deny.

19. Deny.

20. Deny.

21. Account values are reflected by account statements; to the extent any allegations are contradicted by the account statements, deny.

22. Admit that there were losses, but deny all remaining allegations.

23. To the extent a legal conclusion is pleaded, neither admit nor deny. Lack information and knowledge sufficient upon which to form a belief as to the truth of any facts alleged, and leave plaintiffs to their proofs.

24. Deny.

25. Deny.

26. Deny.

## FIRST COUNT

27. Defendants repeat and incorporate all prior answers.

28. Deny.

29. Deny.

30. Deny.

31. Deny.

32. Deny.

32. Deny.

34. Deny.

## SECOND COUNT

35. Defendants repeat and incorporate all prior answers.

36. Deny.

37. Deny.

38. Neither admit nor deny, as a legal conclusion is pleaded.

39. Deny.

40. Deny.

41. Deny.

42. Deny.

## FIRST SEPARATE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## SECOND SEPARATE DEFENSE

Any losses to plaintiffs were caused by market conditions.

## THIRD SEPARATE DEFENSE

Plaintiffs assumed the risk of investment losses.

## FOURTH SEPARATE DEFENSE

Defendants engaged in no material misrepresentations and did not fail to disclose material facts.

## FIFTH SEPARATE DEFENSE

Plaintiffs did not reasonably rely upon any material misrepresentations.

## SIXTH SEPARATE DEFENSE

Defendants did not intend to defraud plaintiffs, and did not do so.

## SEVENTH SEPARATE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by its failure to mitigate any alleged damages.

## EIGHTH SEPARATE DEFENSE

Plaintiff's claims are barred or limited by the doctrine of avoidable consequences.

## NINTH  SEPARATE DEFENSE

The relief sought by plaintiff is barred, in whole or in part, by its own negligent and/or intentional misconduct.

## TENTH SEPARATE DEFENSE

Plaintiffs' purported losses were not attributable to any misstatements or omissions of defendants.

## ELEVENTH SEPRATE DEFENSE

Defendants breached no fiduciary duty, and always acted so as to further plaintiffs' best interests.

## TWELFTH SEPARATE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

## THIRTEENTH SEPARATE DEFENSE

The Court lacks subject matter jurisdiction.

**WHEREFORE**, defendants demand that the complaint against them be dismissed with prejudice, and with costs.

S/Philip L. Guarino, Esq.

GUARINO & CO. LAW FIRM, LLC
300 Main Street, Suite 552
Madison, NJ 07940
973/272-4147
e-mail: guarinolaw@gmail.com
Counsel for Defendants

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury of all issues so triable.

S/Philip L. Guarino, Esq.

GUARINO & CO. LAW FIRM, LLC
300 Main Street, Suite 552
Madison, NJ 07940
973/272-4147
e-mail: guarinolaw@gmail.com
Counsel for Defendants